**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 98-50894**
**Summary Calendar**
_____


**SAN ANTONIO GARMENT FINISHERS, INC.;**
**NORA SIERRA,**

                                        **Plaintiffs-Appellants,**


**VERSUS**


**LEVI STRAUSS & CO.,**

                                        **Defendant-Appellee.**


_____

Appeal from the United States District Court
for the Western District of Texas

(SA-97-CV-1452-HG)
_____


February 22, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        For a period of five years from 1992 through 1997, San Antonio Garment Finishers, Inc. (hereinafter "SAGF") provided laundry finishing services to Levi Strauss & Co. (hereinafter "LS&Co.") in connection with the manufacture of various garment products by LS&Co. In each of these years, LS&Co. and SAGF entered into a finishing process agreement that governed their relationship.  Each

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of these agreements provided that either party could terminate the relationship on 30 days written notice. In April 1997, LS&Co. notified SAGF that due to excess capacity and changing market conditions, LS&Co. had to cut back significantly on the use of finishing contractors including SAGF. Despite being required to give only 30 days' notice, LS&Co. gave SAGF six months' notice of its plan to terminate the parties' relationship. After termination of the agreement, SAGF filed this lawsuit in Texas State Court on October 31, 1997, alleging claims for breach of contract, breach of fiduciary duty, promissory estoppel, breach of duty of good faith and fair dealing, constructive fraud, and fraud and negligent misrepresentation. The case was removed to the United States District Court on December 5, 1997, on the grounds of diversity of citizenship. After extensive discovery, LS&Co. filed a motion for summary judgment in July 1998. While the summary judgment motion was pending, SAGF filed two motions to amend its complaint, seeking to add Nora Sierra as a plaintiff and to withdraw all of SAGF's claims for breach of contract, promissory estoppel, and negligent misrepresentation. Shortly thereafter, SAGF filed an opposition to LS&Co.'s summary judgment motion and the district court granted the motion seeking leave to amend the original petition. Subsequently, the district court entered an order granting LS&Co.'s motion for summary judgment as to all claims of the parties remaining in the case. SAGF and Nora Sierra timely appealed.

We have carefully reviewed the briefs and the record excerpts and relevant portions of the record itself. For the reasons stated

by the district court in its Order filed August 17, 1998, we AFFIRM the grant of summary judgment in favor of LS&Co.

AFFIRMED.